NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SUSAN R. ECKER and MICHAEL A SHANNON, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SANTA CLARA, et al., <br><br> Defendants. | Case Number C 05-1760 JF (HRL) <br><br> ORDER[1] (1) GRANTING DEFENDANT COUNTY'S MOTION TO DISMISS SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND AND DISMISSING ACTION AS TO THE COUNTY WITH PREJUDICE; AND (2) ADVISING PLAINTIFFS OF IMMINENT DISMISSAL OF ACTION AS TO ALL OTHER DEFENDANTS WITHOUT PREJUDICE FOR LACK OF SERVICE OF PROCESS <br><br> [re: doc. no. 30] |

## I. PROCEDURAL BACKGROUND

Defendant County of Santa Clara ("County") moves to dismiss the Second Amended Complaint ("SAC") of Susan Ecker ("Ecker") and Michael Shannon ("Shannon") (collectively "Plaintiffs") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion originally was set for hearing on June 30, 2006. Plaintiffs, proceeding *pro se*, did not file

---

[1] This disposition is not designated for publication and may not be cited.

1   opposition to the motion.  After being contacted by Court staff, Plaintiffs appeared at the hearing

2   on June 30 and stated that they had not received service of the motion.  When the Court recited

3   Plaintiffs' address of record, Plaintiffs stated that the address was incorrect by one digit:

4   Plaintiffs had listed their street address as 1559 Union Avenue #109 in their most recent filings

5   with the Court, including a notice of change of address and their SAC filed on March 27, 2006,

6   but their correct street address is 155<u>5</u>9 Union Avenue #109.  The Court continued the hearing to

7   August 11, 2006, directed Plaintiffs to correct their address of record and directed counsel for the

8   County to serve Plaintiffs with a copy of the motion at their correct address.

9        Plaintiffs have not corrected their address as directed by the Court.  Counsel for the

10  County nonetheless re-served the motion to dismiss at Plaintiff's correct address on June 30,

11  2006, as evidenced by the proof of service filed July 3, 2006.

12       Plaintiffs filed opposition to the County's motion on August 10, 2006, the day before the

13  hearing.  Neither the undersigned nor counsel for the County had received a copy of the

14  opposition at the time the hearing commenced on August 11, 2006.  The Court granted the

15  County until August 18, 2006 to file a reply and indicated that the motion would be taken under

16  submission without further oral argument as of that date.  The County chose not to file a reply.

17                              **II. FACTUAL BACKGROUND**

18       Plaintiffs allege the following in their SAC:  on May 1, 2004, Shannon telephoned 911 to

19  report that Ecker had left their residence and was depressed and possibly suicidal.  Sheriff's

20  deputies Leonardo Gonzalez ("Gonzalez") and James Jensen ("Jensen") responded.  They were

21  accompanied by James Ballingal ("Ballingal"), a deputy trainee.  Shannon requested that

22  Ballingal leave because he wished to discuss privileged medical information.  Gonzalez refused

23  to remove Ballingal.  Shannon then requested that the deputies leave his residence, and they

24  refused.  Gonzalez made a "be on the lookout" radio call that Ecker was to be arrested for

25  violation of California Penal Code § 273.5 (infliction of injury upon a spouse or cohabitant).

26  Shannon stated that there had not been any domestic violence, and Gonzalez responded by

27  threatening to arrest Shannon if he did not verify domestic violence.

28       Meanwhile, Deputy Cardoza ("Cardoza") had pulled Ecker over on a traffic stop.

2

1   Gonzales learned about the stop, left the Shannon/Ecker residence, and drove to the scene of the

2   stop.  He then attempted to force Ecker to take Preliminary Alcohol Screening test ("PAS") by

3   grabbing her neck.  Ecker began crying, and Gonzales stopped attempting to administer the PAS

4   and instead ripped off Ecker's sunglasses, pulled her hair and hit her across the face with an open

5   hand.  Gonzales then handcuffed Ecker and failed to double-lock the handcuffs.  When handcuffs

6   are not double locked, they gradually become tighter, causing pain and injury to the handcuffed

7   individual.  Both Gonzales and Cardoza searched Ecker in a sexual manner.  Ecker was arrested

8   for driving under the influence of alcohol.  Ecker repeatedly requested to take a breath test, but

9   was refused pursuant to a policy of the Sheriff's Office that blood tests be forcibly used on

10  uncooperative individuals to punish such individuals.

11          Various Sheriff's deputies thereafter harassed and intimidated Shannon and Ecker.  On

12  May 4, 2005, Deputy Cardoza appeared at Plaintiffs' residence, claimed to be "Deputy Newberg"

13  and claimed to be investigating a burglary claim.

14          The District Attorney's Office sought a restraining order against Ecker despite the fact

15  that Shannon did not wish a restraining order.

16          On June 27, 2004, Ecker and Shannon reported vandalism of their car.  Gonzales

17  threatened Plaintiffs with criminal prosecution for filing a false police report.

18          On July 6, 2004, Gonzales intimidated Plaintiffs prior to a court proceeding.

19          On August 26, 2004, a warrantless search was conducted of Plaintiffs' residence, solely to

20  harass Plaintiffs.

21          On December 10, 2004, Plaintiffs called the Sheriff's Office about a reckless driver.  The

22  responding deputies identified themselves as "Yoda" and "Jedi" and grilled Plaintiffs about the

23  May 1, 2004 incident in order to intimidate and harass Plaintiffs.

24          Plaintiffs, proceeding *pro se*, filed the instant action on April 27, 2005.  Their operative

25  SAC, filed March 27, 2006, asserts two claims against the County and other defendants:  (1)

26  violation of 42 U.S.C. § 1983; and (2) violation of 42 U.S.C. § 1985.

27                                    **III. LEGAL STANDARD**

28          "A court may dismiss a complaint only if it is clear that no relief could be granted under

3

1    any set of facts that could be proved consistent with the allegations." *Hishon v. King &*

2    *Spaulding*, 467 U.S. 69, 73 (1984); *see also Argabright v. United States*, 35 F.3d 472, 474 (9th

3    Cir. 1994). For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and

4    the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v.*

5    *McKeithen*, 395 U.S. 411, 421 (1969); *Argabright*, 35 F.3d at 474. The pleading of a *pro se*

6    litigant is held to a less stringent standard than a pleading drafted by an attorney, and is to be

7    afforded the benefit of any doubt. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Karim-Panahi v.*

8    *Los Angeles Police Department*, 839 F.2d 621, 623 (9th Cir. 1988). Further, a *pro se* litigant

9    must be given leave to amend unless it is absolutely clear that the deficiencies of the complaint

10    could not be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th

11    Cir. 1995).

12    **IV. DISCUSSION**

13    **A.**    **Claims Against The County**

14         **1.**      **First Claim for Relief: 42 U.S.C. § 1983**

15         Plaintiffs' first claim under § 1983 appears to assert a *Monell* claim against the County.

16    "[A] local government may not be sued under § 1983 for an injury inflicted solely by its

17    employees or agents." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694

18    (1978). "Instead, it is when execution of a government's policy or custom, whether made by its

19    lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts

20    the injury that the government as an entity is responsible under § 1983." *Id*. In examining

21    municipal liability under Section 1983, a court must determine "whether there is a direct causal

22    link between a municipal policy or custom and the alleged constitutional deprivation." *Canton v.*

23    *Harris*, 489 U.S. 378, 385 (1989).

24         Plaintiffs' *Monell* claim appears to be based upon allegations that the Sheriff's Office had

25    a policy of forcibly drawing blood to punish uncooperative individuals, and had a policy of

26    failing to double lock handcuffs in order to punish, harass and intimidate. SAC ¶ 25. Sheriffs'

27    deputies are considered to be state officials rather than county officials when they perform law

28    enforcement functions. *Venegas v. County of Los Angeles*, 32 Cal.4th 820, 839 (2004).

4

1   Accordingly, Plaintiffs cannot maintain a *Monell* claim against the County based upon policies or

2   customs developed by the Sheriff's Office in connection with law enforcement functions.  *See id.*

3       In its order dismissing Plaintiffs' First Amended Complaint ("FAC"), the Court advised

4   Plaintiffs that they could not base a *Monell* claim on policies developed by the Sheriff's Office in

5   connection with law enforcement functions.  Order of 2/27/06 at p. 5.  Plaintiffs nonetheless

6   continue to assert a *Monell* claim based upon alleged policies of the Sheriff's Office.  Plaintiffs

7   have not given any indication that they could allege a policy or custom of the County that could

8   give rise to *Monell* liability.  Accordingly, the Court will grant the County's motion without

9   leave to amend as to Plaintiffs' § 1983 claim.

10       **2.    Second Claim for Relief: 42 U.S.C. § 1985**

11       Plaintiffs do not allege which subsection of § 1985 forms the basis of their claim.  In its

12  order dismissing Plaintiff's FAC, the Court stated that Plaintiffs appeared to be asserting a

13  violation of § 1985(3) (the Ku Klux Klan Act of 1871).  To bring a claim under that subsection, a

14  plaintiff must allege and prove four elements:  "(1) a conspiracy; (2) for the purpose of depriving,

15  either directly or indirectly, any person or class of persons of the equal protection of the laws, or

16  of equal privileges and immunities under the laws; and (3) an act in furtherance of this

17  conspiracy; (4) whereby a person is either injured in his person or property or deprived of any

18  right or privilege of a citizen of the United States."  *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529,

19  1536 (9th Cir. 1992).  "Further, the second of these four elements requires that in addition to

20  identifying a legally protected right, a plaintiff must demonstrate a deprivation of that right

21  motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus

22  behind the conspirators' action.'"  *Id.* (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).

23       Plaintiffs' SAC not only fails to allege any class-based discrimination, it omits Plaintiffs'

24  prior conspiracy allegations.  Accordingly, the basis for Plaintiffs' § 1985 claim is entirely

25  unclear.  Plaintiffs have failed to indicate that they would be able to allege any viable claim under

26  § 1985 if given leave to amend.  Accordingly, the Court will grant the County's motion without

27  leave to amend as to Plaintiffs' § 1985 claim.

28

5

**B.    Claims Against Defendants Other Than The County**

The SAC names as defendants the following entities and individuals:  the County, the City of Saratoga, the County's District Attorney's Office, George Kennedy, Sharon Chatman, Rolanda Dixon, Matt Zumstein, Michelle LaForce, Carolyn Jimmenez, the County Sheriff's Department, Sheriff Laurie Smith, Deputy Gonzales, Deputy Cardoza, Deputy Jensen, Deputy Velenzuela, Deputy Simonson, Deputy Johnson, Deputy Bowser and Deputy Sutherland. Plaintiffs have not filed any proofs of service indicating service of the summons and complaint upon any of these defendants.  The County apparently was served, as it has appeared and litigated this action.  However, there is no indication that any of the other defendants has been served.

Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiffs were required to serve the summons and complaint upon each defendant within 120 after the filing of the complaint. Because Plaintiffs have failed to comply with this requirement, the Court will dismiss the action without prejudice as to all unserved defendants unless Plaintiffs demonstrate, in writing and within thirty days after service of this order, that they have effected service of process on those defendants or to show good cause for failing to do so.  *See* Fed. R. Civ. P. 4(m).

**V. ORDER**

(1)    Defendant County's motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND, and the action is DISMISSED WITH PREJUDICE as to the County; and

(2)    Plaintiffs are granted thirty (30) days after service of this order to demonstrate that they have effected service of process on defendants other than the County or to show good cause for failing to do so.  If Plaintiffs fail to demonstrate service of process or good cause for failing to do so the action will be dismissed without prejudice as to all defendants other than the County.

DATED:  9/21/06

_____
JEREMY FOGEL
United States District Judge

1   This Order has been served upon the following persons:

2

3   <u>Plaintiffs</u>

4   Susan R. Ecker

5   Michael A. Shannon
    15559 Union Avenue #109

6   Los Gatos, CA 95032

7

8   <u>Counsel for Defendant County of Santa Clara</u>

9

10  John L. Winchester III
    Office of the County Counsel

11  70 West Hedding Street
    Ninth Floor, East Wing

12  San Jose, CA  95110-1770

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7